# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUTLER HOME PRODUCTS, LLC :  :  Plaintiff, :  :  v. :  :  AVENT, INC. and : O&M HALYARD, INC. :  :  Defendants. : | CIVIL ACTION NO.: 1:18-cv-11263  **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Butler Home Products, LLC ("Butler") by and through its attorneys, for its complaint against Defendants Avent, Inc. ("Avent") and O&M Halyard, Inc. ("Halyard") (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment of non-infringement and cancellation of U.S. Trademark Registration Nos. 2,596,539 and 3,099,894 (the "'539 Registration" and "'894 Registration," respectively, and together, the "Registrations"). Attached as Exhibit 1 are true and correct copies of the Registrations and records from the U.S. Patent & Trademark Office's online database showing the current status of the Registrations.

2. Declaratory relief is necessary and appropriate because it will serve to clarify the rights between the parties. An actual and justiciable controversy exists between the parties, where Defendants claim trademark rights in the color purple as applied to gloves, allege that

Butler's sale of reusable purple latex gloves infringes the Registrations, and have demanded that Butler cease selling such gloves.

**PARTIES**

3. Butler is a Delaware limited liability company with its principal place of business at 2 Cabot Road, Hudson, Massachusetts 01749. Butler is a leading manufacturer and distributor of a variety of branded cleaning products.

4. Upon information and belief, Avent is a Delaware corporation with an address of 5405 Windward Parkway, Alpharetta, Georgia 30004.

5. Upon information and belief, Halyard is a Virginia corporation with an address of 9120 Lockwood Boulevard, Mechanicsville, Virginia 23116.

6. Upon information and belief, Avent is the record owner of the '539 Registration and '894 Registration, and Halyard also has an ownership interest in the Registrations.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. §§ 1119, 1064.

8. Upon information and belief, this Court has personal jurisdiction over Defendants through their purposeful minimum contacts with Massachusetts by transacting business in this State through the sale of goods bearing the alleged color purple trademark that is the subject of the Registrations, and through Defendants' contact with Butler.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) because the events and communications between the parties that give rise to Butler's claim for declaratory relief occurred in Massachusetts, and because upon information and belief, Defendants are subject to the personal jurisdiction in this Court.

## **FACTS**

10. Butler is a leading manufacturer and distributor of a variety of home cleaning products, sold both under its own trademarks and private labels.

11. Butler has been selling reusable purple latex gloves for over ten years.

12. Butler supplies reusable purple latex gloves for household use to Wegmans Food Markets, Inc. ("Wegmans") for sale by Wegmans under the WEGMANS® brand.

13. Defendants claim ownership of the '539 Registration and the '894 Registration for a trademark in the color purple as applied to gloves. Specifically, the '539 Registration covers "protective gloves for industrial use, and disposable nitrile gloves for use in laboratories and cleanroom environments" and "gloves for medical and surgical uses"; and the '894 Registration covers "disposable nitrile gloves for general use."

14. On or about April 18, 2018, Butler received from Wegmans a cease and desist letter dated April 12, 2018 that Wegmans itself had received from counsel for Defendants (the "First Demand Letter"). The First Demand Letter alleged trademark infringement of the Registrations, and demanded that Wegmans cease selling its WEGMANS® brand purple reusable latex gloves supplied by Butler. Attached as Exhibit 2 is a true and correct copy of the First Demand Letter.

15. On May 4, 2018, Butler responded to the First Demand Letter on behalf of itself and Wegmans (the "Response"), disputing Defendants' allegations that they have enforceable trademark rights in the color purple and that those rights were infringed by the WEGMANS® brand purple reusable latex gloves. Attached as Exhibit 3 is a true and correct copy of the Response.

16. The Response demonstrated that the color purple is functional, and is therefore not protectable as a trademark for gloves. As evidence of functionality, the Response pointed to the practice of "color coding"—i.e., using different colored gloves for different areas of a laboratory to prevent cross-contamination—as well as advertisements from Defendants' predecessor in interest that touted the use of the color purple to signify glove material ("Unique purple color provides quick visual differentiation from latex and other synthetic gloves"). *See* Exhibit 3, Response at pp. 1-2 & at Exhibits A-D.

17. The Response also provided evidence of widespread use of the color purple by different manufacturers of both latex and non-latex gloves, such that the color purple does not function as a trademark because consumers do not associate the color purple with a single source. *Id.*, Response at pp. 2-3 & at Exhibits E-F.

18. Notwithstanding the arguments and evidence in the Response, Defendants sent a second demand letter, dated and received by Butler on May 24, 2018 (the "Second Demand Letter"). In the Second Demand Letter, Defendants reiterated their allegations of infringement of the Registrations and their demand that Wegmans and Butler cease and desist from selling the complained-of reusable purple latex gloves. Attached as Exhibit 4 is a true and correct copy of the Second Demand Letter.

19. Upon information and belief, the color purple is commonly used in connection with latex and non-latex (including nitrile) gloves by different manufacturers.

20. Based on such widespread uses of the color purple in connection with latex and non-latex gloves, the color purple does not act as an indicator of source and therefore does not function as a trademark.

21. Based on the use of the color purple as a means of signifying glove material, the color purple is functional and not protectable as a trademark.

22. Based on the practice of "color coding" through the use of different colored gloves, the color purple is functional and is not protectable as a trademark.

23. Upon information and belief, consumers purchase purple gloves for functional and/or aesthetic reasons, not because they associate the color purple with a single source.

24. Defendants should not be allowed to maintain the '539 and '894 Registrations because Defendants do not have a protectable trademark in the color purple. The maintenance of the Registrations will cause harm to Butler as Defendants would be able to assert the Registrations against Butler in an attempt to preclude Butler from selling reusable purple latex gloves.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

25. Butler repeats and realleges paragraphs 1-24 as though fully set forth herein.

26. Defendants have threatened Butler with trademark infringement based upon its supplying reusable purple latex gloves for sale by Wegmans.

27. An actual and justiciable controversy exists among the parties stemming from Defendants' continued allegations that the Registrations, and Defendant's claimed trademark rights in the color purple, are valid and enforceable.

28. This controversy is within this Court's original jurisdiction.

29. Pursuant to 28 U.S.C. § 2201, Butler is entitled to a declaratory judgment that its sale of reusable purple latex gloves is not an infringing use because the color purple, as applied to gloves, is functional, generic, and thus does not function as a trademark; and even if the color purple were a valid trademark, Butler's actions are not likely to cause consumer confusion.

## COUNT II
### (Cancellation of '539 Registration Pursuant to 15 U.S.C. §§ 1119, 1064)

30. Butler repeats and realleges paragraphs 1-29 as though fully set forth herein.

31. Defendants have threatened Butler with trademark infringement based upon the allegation that the '539 Registration is valid and enforceable against Butler.

32. An actual and justiciable controversy exists among the parties stemming from Defendants' assertions as to its ownership of the alleged color purple trademark and the '539 Registration.

33. This controversy is within this Court's original jurisdiction.

34. This Court has the power to cancel a federal trademark registration.

35. Pursuant to 28 U.S.C. § 2201, Butler is entitled to a declaratory judgment that the '539 Registration be cancelled.

## COUNT III
### (Cancellation of '894 Registration Pursuant to 15 U.S.C. §§ 1119, 1064)

36. Butler repeats and realleges paragraphs 1-35 as though fully set forth herein.

37. Defendants have threatened Butler with trademark infringement based upon the allegation that the '894 Registration is valid and enforceable against Butler.

38. An actual and justiciable controversy exists among the parties stemming from Defendants' assertions as to its ownership of the alleged color purple trademark and the '894 Registration.

39. This controversy is within this Court's original jurisdiction.

40. This Court has the power to cancel a federal trademark registration.

41. Pursuant to 28 U.S.C. § 2201, Butler is entitled to a declaratory judgment that the '894 Registration be cancelled.

**WHEREFORE,** Butler respectfully demands judgment:

A.  Declaring that Butler's use of the color purple for reusable latex gloves is not a trademark infringement;

B.  Canceling the '539 Registration;

C.  Canceling the '894 Registration; and

D.  Awarding Butler such other relief as the Court may deem just and proper.

## JURY DEMAND

Butler demands a trial by jury on all issues so triable.

Dated: June 15, 2018

BUTLER HOME PRODUCTS, LLC,
By its Attorneys,

/s/Lori J. Shyavitz
Lori J. Shyavitz, BBO # 650172
McCarter & English LLP
265 Franklin Street
Boston, MA  02110
Telephone: (617) 449-6500
Facsimile:  (617) 607-9200
E-mail: lshyavitz@mccarter.com